**Khanh NIVONGSO; Pinkeo Pheungpasomxay, Petitioners,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–74425.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 12, 2004.*

Decided Jan. 16, 2004.

---

of this circuit except as provided by Ninth Circuit Rule 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Khanh Nivongso, pro se, Pinkeo Pheungpasomxay, pro se, Henderson, NV, for Petitioners.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, Office of the District Counsel, Las Vegas, NV, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, John C. Cunningham, Esq., Ann Carroll Varnon, Esq., U.S. Department of Justice, Washington, DC, for Respondent.

Before: BEEZER, HALL, and SILVERMAN, Circuit Judges.

## MEMORANDUM **

Khanh Nivongso and his wife Pinkeo Pheungpasomxay, both natives and citizens of Laos, petition pro se for review of a Board of Immigration Appeals' ("BIA") opinion dismissing his appeal from an Immigration Judge's ("IJ") denial of his application for asylum and withholding of removal, and the BIA's denial of his motion to remand under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny the petition for review. *See Lata v. INS*, 204 F.3d 1241, 1244 (9th Cir.2000) ("[T]he IJ's determination that an alien is not eligible for asylum must be upheld if supported by reasonable, substantial, and probative evidence in the record.").

■ Nivongso contends that he fears persecution based on political opinion as a result of his desertion from the Laotian military. He did not, however, establish that a "disproportionately severe punishment [for desertion] would result on account of one of the five [protected] grounds." *Abedini v. U.S. INS*, 971 F.2d 188, 191 (9th Cir.1992). The record contains substantial evidence that Nivongso's desertion was unrelated to politics. *See*

Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

*Sangha v. INS,* 103 F.3d 1482, 1487–88 (9th Cir.1997) ("[A]n applicant can establish his political opinion on the basis of his own affirmative political views, his political neutrality, or a political opinion imputed to him by his persecutors."). He therefore has not demonstrated a well-founded fear of persecution on account of political opinion. *See Rostomian v. INS,* 210 F.3d 1088, 1089 (9th Cir.2000) ("[A] petition must be denied unless the evidence [is] so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." (quotation marks and citation omitted)).

By failing to qualify for asylum, Nivongso necessarily fails to satisfy the more stringent standard for withholding of removal. *See Alvarez–Santos v. INS,* 332 F.3d 1245, 1255 (9th Cir.2003). Because the BIA did not abuse its discretion in denying his motion to remand, Nivongso is also not entitled to CAT relief. *Malhi v. INS,* 336 F.3d 989, 993 (9th Cir.2003).

**PETITION FOR REVIEW DENIED.**